# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER GAKUBA, #M52946,        )
                                          )
        Plaintiff,                )
                                          )
vs.                                    )        Case No. 19-cv-00437-NJR
                                          )
DAVID RAINS,               )
MOSS,                         )
MICHELLE NEESE, and       )
JOHN / JANE DOES 1-50,     )
                                          )
        Defendants.           )

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Peter Gakuba, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against Robinson officials who interfered with his access to the courts. (Doc. 1, pp. 1-10). He brings claims against three wardens (Rains, Moss, and Neese) and fifty unknown prison officials (John/Jane Does 1-50) for conspiring to violate his rights under the First and Fourteenth Amendments. Plaintiff seeks money damages and equitable relief.[1] (*Id*).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.

---

[1] In the Request for Relief, Plaintiff states he will file a "separate future motion" for specific equitable relief. (*Id*. at p. 6). To date, he has neither filed a motion nor explained what equitable relief he intends to seek.

28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff makes the following allegations (Doc. 1, pp. 7-9): Robinson officials prevented Plaintiff from challenging his wrongful conviction in a direct appeal and numerous post-conviction proceedings between October 2016 and June 2018. (*Id*. at p. 7). After he complained of mail interference by staff,[2] Wardens Rains and Moss met with Plaintiff to discuss the matter in October/November 2016.[3] They also informed Plaintiff that he would no longer be allowed to incur legal expenses as an indigent person. At the time, Plaintiff was unrepresented by counsel in his direct appeal and post-conviction proceedings.[4] He required additional allowances for online research, printer access, and photocopies because of his *pro se* status. Warden Rains nevertheless ordered all library staff to deny his requests for photocopies and legal supplies. (*Id*.). Warden Neese later made an exception for postage but nothing else. (*Id*. at p. 8). Plaintiff began mailing his legal documents to an attorney for photocopying at a cost of $750 per hour. Despite his efforts, Plaintiff lost his direct criminal appeal and his requests for post-conviction relief. When he identified Warden Rains as a respondent in a habeas action, Plaintiff was involuntarily transferred to another prison that has no library. He sued officials at that facility and was transferred back to Robinson, where the ban on legal expenses was lifted only after he lost his direct appeal and collateral attack. (*Id*.).

---

[2] Plaintiff describes several incidents of mail interference by prison staff in September 2016. All involved non-parties (*e.g.*, Officer Hickman, Lieutenant Buckner, Lieutenant McGee, and Major Erickson).
[3] Lieutenant Brookman also attended this meeting but is not named as a defendant.
[4] Plaintiff alleges that he was the only Robinson inmate who was unrepresented in his direct appeal and post-conviction proceedings and also denied access to photocopies, legal supplies, etc.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following five counts, consistent with Plaintiff's characterization of the claims:

**Count 1:**     First and/or Fourteenth Amendment claims against Defendants for interfering with Plaintiff's access to the courts from October 2016 until June 2018, by denying his access to photocopies, legal supplies, postage, and a law library.

**Count 2:**     First Amendment retaliation claim against Defendants for responding to Plaintiff's complaints about legal mail interference in September 2016, by barring additional legal expenses, denying his access to legal supplies, and transferring him to a prison with no law library.

**Count 3:**     Claim against Defendants for conspiring to retaliate against Plaintiff by denying meaningful access to the courts from October 2016 until June 2018.

**Count 4:**     *Monell* claim against "IL. State Depts." and "Agencies" for "invoking" a practice of retaliation and other First Amendment violations against indigent prisoners.

**Count 5:**     Fourteenth Amendment equal protection claim against Defendants for singling out Plaintiff for restrictions on incurring legal expenses.

(*See* Doc. 1, p. 10). **Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under** *Twombly*.[5]

### Discussion

### Preliminary Dismissals

Plaintiff names John/Jane Does 1-50 as defendants in this action, but he does not set forth sufficient allegations to state a claim against them. Merely invoking the names of potential defendants (or a group of them) by listing them in the case caption is not enough to state a claim. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff must associate each defendant with specific acts of misconduct or omissions, in order to put each defendant on notice of which claims

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

in the Complaint are directed against him or her. *Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Plaintiff's decision to name a group of fifty defendants without offering facts that describe a constitutional violation by any one of them is fatal to his claims against this group. Accordingly, John/Jane Does 1-50 shall be dismissed without prejudice from this action.

Plaintiff mentions numerous other individuals who are not named as defendants in the case caption, including C/O Hickman, Lt. Buckner, Lt. McGee, Major Erickson, and Lt. Brookman. All claims against these individuals should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption").

## Counts 1, 2, and 3

The allegations against the remaining defendants (Wardens Rains, Moss, and Neese) state claims of common law conspiracy to deprive Plaintiff of meaningful access to the courts in retaliation for complaining about interference with his legal mail. *See Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) (articulating two-part test for access-to-courts claim); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (describing requirements for a retaliation claim); *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002) (identifying elements of a common law conspiracy claim). Counts 1, 2, and 3 shall receive further review against the three wardens.

## Count 4

Plaintiff brings Count 4 against "IL. State Depts." and "Agencies." But Plaintiff has not named either entity as a defendant. The claim cannot proceed against a non-party. *Myles*, 416 F.3d at 551-52. Count 4 shall be dismissed without prejudice.

**Count 5**

A Fourteenth Amendment claim for discrimination under Equal Protection Clause generally requires a plaintiff to show: (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of the unprotected class; and (3) he was treated differently than members of the unprotected class. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). Plaintiff makes no such claim. The Seventh Circuit Court of Appeals also allows equal protection claims to proceed on a "class-of-one" theory. *Id*. Absent discrimination based on membership in a protected class, an equal protection claim may arise where a plaintiff is treated differently from other prisoners with no rational basis. *Flynn v. Thatcher*, 819 F.3d 990, 991 (7th Cir. 2016). Plaintiff's maintains that he was singled out and barred from incurring legal expenses for his *pro se* direct criminal appeal and post-conviction proceedings for no legitimate reason. Count 4 may proceed as a "class-of-one" equal protection claim against the three wardens.

<u>**Disposition**</u>

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNTS 1, 2, 3,** and **5** will receive further review against Defendants **RAINS, MOSS,** and **NEESE**. However, **COUNT 4** is **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **JOHN/JANE DOES 1-50** are **DISMISSED** without prejudice from this action because the Complaint fails to state a claim for relief against them. The Clerk is **DIRECTED** to **TERMINATE** Defendants **JOHN/JANE DOES 1-50** as parties on the docket in CM/ECF.

**IT IS ORDERED** that as to **COUNTS 1, 2, 3,** and **5**, the Clerk of Court shall prepare for Defendants **DAVID RAINS, WARDEN MOSS,** and **MICHELLE NEESE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of

Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without prepaying fees and costs or giving security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the

recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefore all unpaid costs taxed against plaintiff and remit the balance to him. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 27, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## <u>Notice to Plaintiff</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**