IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER GAKUBA,

   Plaintiff,

v.

                Case No. 19-cv-437-NJR

DAVID RAINS, *et al.*,

   Defendants.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

   This matter is before the Court on Plaintiff Peter Gakuba's Motion to Compel Discovery (2nd) (Doc. 72) and Motion to Strike Defendants' Witnesses (Doc. 73). Defendants have filed a response (Doc. 76) in opposition to the motions.

 **A.  Second Motion to Compel**

   Gakuba's motion to compel (Doc. 72) seeks a number of documents and witnesses for the upcoming evidentiary hearing on the issue of exhaustion. He seeks to call law librarians Megan Maurer, Craig Bunten, Librarian #3, Jake Brookhart, and prisoner Jake Owens, as well as all three defendants.

   Simply put, Gakuba fails to show how these individuals are relevant to the issue of whether he exhausted his administrative remedies. He states that Defendants barred him from expending costs towards legal mailings and copies and emailed the librarians to deny his requests, but those issues relate to the merits of his claims rather than whether he exhausted his administrative issues. Further, Gakuba alleges that Jake Owens was similarly barred from incurring further costs as an indigent and had issues with exhaustion, but he fails to show that Owens will testify regarding Gakuba's efforts to exhaust his remedies. Overall, Gakuba has not shown that any of the proposed witnesses will testify as to *his* efforts to exhaust his administrative

remedies in this case. Thus, his request for witnesses is **DENIED**.

Similarly, Gakuba's request for documents is unrelated to the issue of whether he exhausted his administrative remedies in this case. Gakuba seeks emails from the wardens to the Administrative Review Board, the Attorney General in Owens's lawsuit, and librarians. He also seeks the identity of any inmate from 2015 to the present who was denied copying and postage costs, as well as any grievances from 2015 to the present where the ARB "denied with the off-handed conclusion 'no further action…this is a request not a grievance.'" Again, these discovery requests are not related to the issue of whether Gakuba himself exhausted his administrative remedies. Further, Gakuba has already been provided with all documents relevant to the issue of whether he exhausted his administrative remedies. Accordingly, his second motion to compel is **DENIED**.

### B. Motion to Strike Witnesses

Gakuba's motion to strike witnesses (Doc. 73) seeks to prevent Defendants from calling witnesses should the Court deny his second motion to compel. Gakuba argues that it would not be fair to allow Defendants to call witnesses if he is denied the ability to call witnesses. The Court denied Gakuba's request for witnesses because he failed to demonstrate that the witnesses were relevant to the issue of exhaustion. He has not shown that Defendants' witnesses are irrelevant or will not testify about Gakuba's efforts to exhaust his administrative remedies. Accordingly, his motion to strike witnesses is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   June 2, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**