IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER GAKUBA,

    Plaintiff,

v.

DAVID RAINS, ROGER MOSS, and
MICHELLE NEESE,

    Defendants.

Case No. 19-cv-437-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Peter Gakuba's Motion to Vacate/Alter Judgment (Doc. 89) filed pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, the motion is denied.

## Background

Gakuba, an inmate of the Illinois Department of Corrections ("IDOC") who is currently housed at Vienna Correctional Center ("Vienna"), filed his Complaint pursuant to 42 U.S.C. § 1983 alleging violations of his access to legal materials and expenses while at Robinson Correctional Center ("Robinson"). Gakuba was allowed to proceed on the following claims:

    **Count 1**:    First and/or Fourteenth Amendment claims against Defendants for interfering with Plaintiff's access to the courts from October 2016 until June 2018, by denying his access to photocopies, legal supplies, postage, and a law library.

1

    **Count 2**:    First Amendment retaliation claim against Defendants for responding to Plaintiff's complaints about legal mail interference in September 2016, by barring additional legal expenses, denying his access to legal supplies, and transferring him to a prison with no law library.

    **Count 3**:    Claim against Defendants for conspiring to retaliate against Plaintiff by denying meaningful access to the courts from October 2016 until June 2018.

    **Count 5**:    Fourteenth Amendment equal protection claim against Defendants for singling out Plaintiff for restrictions on incurring legal expenses.

On June 18, 2020, the Court entered an order granting summary judgment in favor of Defendants on the issue of exhaustion of administrative remedies (Doc. 82). The Court found that Gakuba failed to properly exhaust his April 12, 2017 grievance.[1] In the Court's order, the undersigned explained that, although Gakuba testified he submitted the grievance both to the grievance box at Robinson and directly to the Administrative Review Board ("ARB"), he also stated that he submitted the grievance directly to the ARB because it would have been nonsensical and a waste of time to send the grievance to the counselor, grievance officer, and warden, when the warden had a conflict of interest. The Court found that Gakuba's contradictory claims lacked credibility, suggested he did not submit the grievance at Robinson, and indicated he submitted the grievance directly to the ARB. The Court also discounted Gakuba's claim that Robinson officials had a history of not responding to his grievances, noting that the record demonstrated Gakuba

---

[1] At the evidentiary hearing, the parties agreed that the April 12, 2017 grievance was the only grievance relevant to this case.

received responses to numerous grievances while housed at Robinson.

In the motion now before the Court, Gakuba reiterates arguments previously raised and takes issue with the Court's finding as to his credibility. Defendants object to Gakuba's request to vacate judgment, arguing he has failed to show any manifest error of law or fact (Doc. 91). Gakuba filed a reply, claiming (among other things) that his briefing clearly demonstrates the Court's subjective belief's about his credibility are objectively unreasonable (Doc. 92).

## Discussion

Gakuba indicates his motion to alter or amend is brought pursuant to Federal Rule of Civil Procedure 59; however, the Court finds it appropriate to consider his motion under both Rule 59 and Rule 60 of the Federal Rules of Civil Procedure.

Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989). While Rule 59(e) permits a district court to exercise its discretion to correct its own errors, sparing the time and expense of further proceedings at the appellate level, *Divane v. Krull Elec. Co. Inc.*, 194 F.3d 845, 848 (7th Cir. 1999), "ill-founded requests for reconsideration of issues previously decided … needlessly take the court's attention from current matters." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F.Supp.2d 804, 820 (S.D. Ill. 2002). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir.

2001). "[M]anifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006); *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). In contrast to Rule 59(e), however, legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

Here, Gakuba fails to identify any manifest error of law or fact, or any mistake, fraud, or misrepresentation that supports reconsideration of the Court's previous decision. Instead, Gakuba merely takes umbrage with the Court's conclusions regarding his credibility and continues to argue that the grievance was properly exhausted.

Accordingly, Gakuba has not established that he is entitled to relief under either Rule 59 or Rule 60.

## Conclusion

For the reasons set forth above, Gakuba's Motion to Vacate/Alter Judgment (Doc. 89) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: 3/19/2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**